UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TRISTAN JOHNSON, )
 )
      *Plaintiff* )
 )
v. ) No. 2:13-cv-295-JAW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
 )
      *Defendant* )

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge improperly evaluated the opinion of her treating nurse practitioner, improperly evaluated her credibility, and relied upon an incomplete hypothetical question posed to the vocational expert. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from cerebral palsy, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 22-24; that she retained the residual functional capacity ("RFC") to perform light work,

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

except that she could stand and/or walk from 4 to 5 hours in an 8-hour workday, could push and/or pull on the left occasionally, could occasionally stoop, kneel, crouch, and climb ramps and stairs, must never balance, crawl, or climb ladders, ropes, or scaffolds, must not reach above the shoulder with the left upper extremity, must avoid constant handling or fingering with the left hand, must avoid hazards such as machinery and heights, could understand, remember, and carry out simple instructions, could use judgment in making simple work-related decisions, could respond appropriately to coworkers, supervisors, and usual work situations, and could adapt to changes in the ordinary work setting, Finding 4, *id.* at 25; that she could not perform any past relevant work, Finding 5, *id.* at 29; that, given her age (20 when the application was filed), at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id.*; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from February 23, 2009, the date the application was filed, Finding 10, *id.* at 30. The Appeals Council declined to review the decision, *id.* at 6-8, making it the final determination of the commissioner. 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Treating Nurse Practitioner

The plaintiff contends that the administrative law judge should have assigned greater weight to the opinion of her treating nurse practitioner, Amy Bergeron, FNP. Plaintiff's Memorandum of Law in Support of a Social Security Appeal ("Itemized Statement") (ECF No. 19) at 10. Specifically, she relies on an RFC questionnaire completed by Bergeron (Record at 610). *Id*. at 11.

The administrative law judge said the following about Bergeron:

> The undersigned attributes little weight to the medical source statement of Amy Bergeron, N.P., the claimant's primary provider (Exhibit 22F). Ms. Bergeron opined that the claimant was unable to perform any lifting, carrying, reaching, handling, or fingering with her left upper extremity (Exhibit 22, p.2). However, these restrictions are inconsistent with the claimant's reported daily functioning and not supported by Ms. Bergeron's treatment notes (Exhibits 17F, 19F, pp. 4-12[,] 20F, pp. 4-8, 19-26, 31-39, 46-48, 50-55). Similarly, Ms. Bergeron's opinion that the claimant is limited to sitting no more than 3 hours in an 8-hour workday, and effectively precluded from standing and/or walking for any period is not supported by the record evidence. Finally, her opinion that the claimant must recline or lie down beyond her usual beaks and mealtime, take additional unscheduled breaks, miss 5 or more days of work during a typical month, and could not perform simple work-related tasks on a frequent basis is wholly inconsistent with the objective medical findings and the evidence of record.

Record at 27-28.

The plaintiff describes Bergeron's opinions about her work-related limitations as "well-supported by the objective evidence of record," including a long list of findings about her left upper extremity and her left lower extremity, scoliosis, and cerebral palsy. Itemized Statement at 11-13. She goes on to recite some of her own testimony that she believes supports Bergeron's findings. *Id*. at 13. However, the question on appeal is not whether there is evidence in the record that supports Bergeron's opinions, but rather whether substantial evidence supports the administrative law judge's decision to give those opinions "little weight."

An initial problem with the plaintiff's presentation of this issue is her failure to describe how assigning greater weight to Bergeron's opinions would change the outcome of her claim. *See generally Saucier v. Astrue*, No. 1:11-cv-411-NT, 2012 WL 5413372, at *5 (D. Me. Sept. 28, 2012).

A second omission from the plaintiff's presentation is any mention of the other medical evidence of record that is not consistent with the limitations assigned by Bergeron, limitations which effectively make it impossible for the plaintiff to work. Record at 610-611. For example, the opinions of the state-agency reviewing physicians, to which the administrative law judge gave "great weight," Record at 27, allow the plaintiff to carry 10 pounds frequently, to stand and/or walk for at least 2 hours in an 8-hour workday, to sit about 6 hours in an 8-hour workday, with no frequent push or pull on the left, no reaching above the shoulder on the left, no constant handling or fingering on the left hand, Record at 372-77, 421-27, all of which are inconsistent with the limitations assigned by Bergeron, *id*. at 610-611. Dr. Webber, the medical expert who testified at the hearing, also disagreed with several of Bergeron's assigned limitations. *Id*. at 63-67. This testimony and the reports of the state-agency physicians constitute substantial evidence supporting the administrative law judge's decision to assign little weight to Bergeron's opinions.

4

## B. Credibility

The plaintiff asserts that the administrative law judge erred in his assessment of her credibility, by failing "to discuss her hearing testimony in any meaningful way" and "to provide any reasoning whatsoever as to how these reports [apparently the plaintiff's testimony or written statements] either support or undermine her claims of disabling impairments." Itemized Statement at 14.

Again, the plaintiff's presentation suffers from a lack of any consideration of how the absence of these alleged errors would result in a different outcome on her claim.[2] This is particularly true where, as here, there is substantial evidence to support the RFC assigned by the administrative law judge independent of the plaintiff's testimony. *See Du Nguyen v. Astrue*, No. 2:11-cv-189-NT, 2012 WL 975674, at *5 (D. Me. Mar. 21, 2012); *Wallace v. Astrue*, No. 2:10-cv-428-GZS, 2011 WL 4501065, at *4 (D. Me. Sept. 27, 2011).

Moreover, the administrative law judge's conclusion that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the assigned RFC, Record at 26, is not outcome-determinative in this case because the medical opinions on which the administrative law judge relied were not predicated on a negative credibility finding. *See* Record at 427 (notation by Dr. Haywood that the plaintiff's "allegations of functional limitations are credible"); 376 (notation by Dr. Chamberlin that RFC "gives [plaintiff] full credit for weakness and deformity on the left side"); 62 (testimony by Dr. Weber that "there certainly is an appropriate diagnosis of [Cerebral Palsy]. There's no question about that from what I can see."). For this reason as well, the plaintiff takes nothing from

---

[2] At oral argument, the plaintiff's attorney argued that an error in assessing a claimant's credibility is only harmless if no other administrative law judge, given a correct assessment, would have come to a different decision on the claim. He was unable to cite any authority to support his position, which is inconsistent with case law in this district. *See, e.g., Trudeau v. Astrue*, Civil No. 07-218-P-H, 2008 WL 4905484, at *6 (D. Me. Nov. 12, 2008).

5

this argument. *Meacham v. Astrue*, Civil No. 09-590-P-S, 2010 WL 4412113, at *6-*7 (D. Me. Oct. 31, 2010).

### C. Vocational Testimony

The plaintiff argues that she is entitled to remand because the administrative law judge "relied upon an incomplete hypothetical question asked to the V[ocational] E[xpert]." Itemized at 15. The plaintiff contends that this is so because the administration law judge included in his hypothetical questions unspecified "errors in [] determining Plaintiff's RFC and credibility[.]" *Id*. at 16. I have rejected the plaintiff's arguments about any errors in the RFC identified by the plaintiff, and, therefore, no error could have resulted from their inclusion in the hypothetical question. In the absence of any explanation as to how the administrative law judge's evaluation of the plaintiff's credibility affected the hypothetical question, the plaintiff is not entitled to remand on this basis.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of June, 2014.

                                                                                            <u>/s/  John H. Rich III</u>
                                                                                            John H. Rich III
                                                                                            United States Magistrate Judge